LAW OFFICES OF GARY E. FOX, L.L.C.
Copper Gables Professional Building
1001 Deal Road
Ocean, New Jersey 07712
(732) 493-9400
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEST LONG BRANCH CITIZENS AGAINST HOUSING DISCRIMINATION, INC., JOHN DOE (1) on behalf of himself and all others similarly situated; JOHN DOE (2) on behalf of himself and all others similarly situated; JOHN DOE (3) on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>Vs.<br><br>BOROUGH OF WEST LONG BRANCH; THE MAYOR AND COUNCIL OF THE BOROUGH OF WEST LONG BRANCH; MAYOR PAUL ZAMBRANO; WILLIAM BOGLIOLI; RICHARD COOPER; WILLIAM DEISINGER; JOSEPH DELISA; JANET TUCCI; and JAMES WOOLLEY.<br><br>Defendant(s). | CIVIL ACTION No. To Be Assigned<br><br>06-1574 (AET)<br><br>RECEIVED<br>APR 2006<br>AT 8:30<br>WILLIAM T. WALSH M<br>CLERK<br><br>COMPLAINT |

Plaintiffs, by way of Complaint against Defendants, say:

1. West Long Branch Citizens Against Housing Discrimination, Inc. (hereinafter referred to as "WLBAHD") is a duly organized not for profit New Jersey

Corporation. The purpose of said corporation is to fight governmental actions which violate civil rights, particularly in housing, in the Borough of West Long Branch. Its members are property owners, tenants, and prospective owners and tenants in the Borough of West Long Branch. It brings this action as a result of the recent acts of Defendants, which in purpose and effect will illegally discriminate in the provision of housing opportunities to the public and WLBAHD's members.

2. John Doe (1) is a resident of the Borough of West Long Branch who brings this action on behalf of himself and all others similarly situated.

3. John Doe (2) represents all existing and prospective tenants who wish to reside in the Borough of West Long Branch as rental tenants, but will be denied the right and opportunity to do so as a result of the illegal actions of the Defendants.

4. John Doe (3) is a fictitiously named Plaintiff, who represents all persons who wish to purchase property in the Borough of West Long Branch and use same to provide rental housing opportunities to tenants, but who will be denied the right and opportunity to do so as a result of the illegal actions of the Defendants.

5. The Borough of West Long Branch is a municipal corporation of the State of New Jersey located in Monmouth County.

6. The Mayor and Council of the Borough of West Long Branch is the governing body and enacts all laws and regulations for the Borough.

7. Paul Zambrano was the Mayor of the Borough of West Long Branch at the time the Ordinance complained herein was enacted.

8. William Boglioli is/was a council person of the Borough of West Long Branch.

9. Richard Cooper is/was a council person of the Borough of West Long Branch.

10. William Deisinger is/was a council person of the Borough of West Long Branch.

11. Joseph DeLisa is/was a council person of the Borough of West Long Branch.

12. Janet Tucci is/was a council person of the Borough of West Long Branch and is now the Mayor of the Borough of West Long Branch.

13. Joseph Woolley is/was a council person of the Borough of West Long Branch.

## JURISDICTION AND VENUE

14. This is an action brought pursuant to the 1871 Civil Rights Act, specifically 42 USC 1981(3)(5) thereof and the Fair Housing Act, 42 USC § 3601 (3613) for declaratory and injunctive relief and for monetary damages to redress the various injuries complained of herein, including the deprivation of Plaintiffs' rights and privileges under the United States Constitution, the laws of the United States, the New Jersey Constitution, and the laws of the State of New Jersey. This Court has jurisdiction pursuant to 28 USC § 1331 and § 1342 of the Fair Housing Act, Federal Civil Rights Claims and issues relating to the Constitutional rights deprivation claims. Supplemental or pendant jurisdiction is conferred on this Court for its determination of the related claims brought under New Jersey State law for violation of New Jersey Constitutional rights,

the Law Against Discrimination and the MLUL under the same case or controversy principle as recited in 28 USC § 1367(a).

15. Venue is proper in this judicial district as all events complained of have occurred within this District.

## FACTS

16. The Borough of West Long Branch has a substantial number of its housing units occupied by renters (rather than owners). Many of these renters are young adults living together as functional single families and many of these young adults are students at Monmouth University.

17. Defendants have for a substantial period of time expressed the view that it wanted to eliminate the rental of housing units by non-owners and in particular by groups of unrelated non-owners. This was especially true if these groups were from Monmouth University.

18. Residential property owners in the Borough of West Long Branch have asked Defendants to "do something" to eliminate the rental of housing to these groups.

19. Defendants have directed the Zoning Officers, Code Department and Police to focus their attention on these rental houses and to make life difficult for them in many ways.

20. Defendants' intention is to discriminate against Plaintiffs in order that they not continue to own, rent and reside in the Borough of West Long Branch.

21. On June 16, 2004 all structures within the Borough of West Long Branch were regulated by a "CO Ordinance," which provided for inspections on the

sale and/or change in occupancy of every structure and every dwelling unit within an existing structure. In addition, the Borough of West Long Branch had a separate "property maintenance code" that regulated the maintenance of all properties within the Borough of West Long Branch. In addition, N.J.S.A. 46:8-28 existed, mandating registration of rental units. Further, at that time, the State Uniform Construction Code and Fire Codes also existed as well as the Uniform Code relating to hotels and multiple dwellings. All of these "minimum safety codes" existed and provided protection to the property owners, occupants, neighbors and municipality in order to ensure that each and every property within the Borough of West Long Branch was properly maintained in a safe and proper manner in order to promote the general health and welfare of the community.

22. On June 16, 2004 and on March 4th and March 15th, 2006, the Borough of West Long Branch adopted ordinances that are intended to "eliminate absentee landlords from renting to Monmouth University students."

## COUNT I

## FAIR HOUSING ACT

23. Title 42 USC § 301 et. seq. sets forth the law of the United States regarding housing.

24. The actions of Defendants in enacting the aforementioned Ordinance violates the Fair Housing Act in that it intentionally discriminates in the provision of rental housing based on familial status.

25. Plaintiffs have been or will be injured by Defendants actions which amount to a discriminatory housing practice pursuant to 42 USC § 3602.

26. As such, Plaintiffs bring this action pursuant to 42 USC § 3613.

27. Defendants were aware that the Ordinance violated the laws of the United States and the State of New Jersey, but enacted it anyway.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants as follows:

   a. Awarding Plaintiffs compensatory damages;

   b. Awarding Plaintiffs punitive damages;

   c. Enjoining the enforcement of said Ordinance;

   d. Ordering that said Ordinance is void; and

   e. Awarding Plaintiffs reasonable attorney's fees and cost of suit.

## COUNT II

## CIVIL RIGHTS ACTION

28. This is a count seeking declaratory and injunctive relief and damages for violation of Plaintiffs' rights to equal protection, procedural and substantive due process and rights to privileges and immunities of all United States Citizens as provided by the United States Constitution, the 5th and 14th Amendments and 42 USC § 19983.

29. Plaintiffs are citizens of the United States.

30. Defendants at all times acted under color of State and City law.

31. The aforementioned Ordinances have violated Plaintiffs' civil rights in the following respects:

a. The Ordinance is an attempt to arbitrarily regulate the nature of housing occupancy;

b. The Ordinance is an attempt to arbitrarily interfere with Plaintiffs' property rights;

c. The Ordinance is an attempt to arbitrarily interfere with Plaintiffs' right to freedom of association;

d. The Ordinance is an attempt to arbitrarily interfere with Plaintiffs' right to housing;

e. The Ordinance is intended to be and are in fact discriminatory based on the age of Plaintiffs;

f. The Ordinance improperly interferes with the right to operate a lawful business

g. The Ordinance, in fact, is based upon a false premise, that there is not already existing regulation of these rental properties in the Borough of West Long Branch; and

h. The Ordinance interferes with and violates Plaintiffs' rights to privacy.

**WHEREFORE**, Plaintiffs demand that judgment be entered as follows:

a. Awarding Plaintiffs compensatory damages;

b. Awarding Plaintiffs punitive damages;

c. Awarding Plaintiffs reasonable attorney's fees and costs of suit;

d. Declaring this Ordinance unconstitutional and invalid; and

e. Enjoining Defendants from enforcing said Ordinance.

## COUNT III

## VIOLATION OF NEW JERSEY CONSTITUTIONAL RIGHTS

32. The Ordinance violates Plaintiffs' rights to acquire, possess and protect property.

33. The Ordinance violates Plaintiffs' rights to housing.

34. The Ordinance violates Plaintiffs' rights to freedom of association.

35. The Ordinance violates Plaintiffs' rights to contract.

36. The Ordinance violates Plaintiffs' rights to be free from age discrimination.

37. The Ordinance is arbitrary as it has no reasonable relation "to an appropriate legislative object sought to be obtained."

38. The Ordinance interferes with Plaintiffs' rights to acquire, possess, use and dispose of their property.

39. The Ordinance interferes with Plaintiffs' rights to lawfully operate a business.

40. There is no compelling governmental interest supporting Defendants' actions.

41. The Ordinance violates Plaintiffs' rights to privacy.

**WHEREFORE**, Plaintiffs demand that judgment be entered as follows:

   a. Awarding Plaintiffs compensatory damages;

   b. Awarding Plaintiffs punitive damages;

   c. Declaring the Ordinance to be in violation of the New Jersey Constitution;

   d. Declaring the Ordinance invalid and of no effect;

   e. Enjoining Defendants from enforcing the Ordinance; and

   f. Awarding Plaintiffs reasonable attorney's fees and cost of suit.

## COUNT IV

## NEW JERSEY LAW AGAINST DISCRIMINATION

42. N.J.S.A. 10:5-3 et. seq. prohibits Defendants from discrimination in land use or housing Ordinances based on age and or familial status. This law is to be liberally construed to effectuate its salutary purpose.

43. Defendants' actions in enacting this Ordinance violates the New Jersey Law Against Discrimination as it is specifically intended to eliminate the rental of housing to "Monmouth University students."

44. Plaintiffs have been injured and damaged as a result of Defendants' actions.

**WHEREFORE**, Plaintiffs demand that judgment be entered as follows:

    a. Awarding Plaintiffs compensatory damages;

    b. Awarding Plaintiffs punitive damages;

    c. Awarding Plaintiffs attorney's fees and costs of suit;

    d. Declaring that the Ordinance is invalid; and

    e. Enjoining Defendants from any further acts which violate the New Jersey Law Against Discrimination.

LAW OFFICES OF GARY E. FOX, L.L.C.
Attorneys for Plaintiffs

_____
GARY E. FOX

Dated: 3/30/06